1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FIRST AMERICAN TITLE COMPANY,

            Plaintiff,

  v.

ANUPAMA PATHAK and SANJAY
BHARDWAJ,

            Defendants.
_____/

No. C 13-3947 SI
Related Case No. C 13-3807

**ORDER GRANTING MOTION FOR
REMAND AND REMANDING ACTION
TO ALAMEDA COUNTY SUPERIOR
COURT**

Defendant Anupama Pathak's motion to remand is scheduled for a hearing on December 13, 2013. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion for remand.

**BACKGROUND**[1]

On May 29, 2013, in Alameda County Superior Court, First American filed this complaint in interpleader pursuant to California Code of Civil Procedure 386(c) against defendants Anupama Pathak and Sanjay Bhardwaj, *First American Title Company v. Pathak and Bhardwaj* (Alameda County Sup. Ct. No. HG13681389). Docket No. 1. The interpleader complaint alleges that First American is in

---

[1] The Court hereby incorporates by reference the lengthy factual background set forth in the Court's November 7, 2013 order dismissing a related case, *Bhardwaj v. Pathak et al.*, C 13-3807 SI. As set forth in that order, Bhardwaj and Pathak were divorced in 2009, and have been involved in contentious dissolution proceedings for years. *See generally* Docket No. 61 in C 13-3807 SI. Defendant Bhardwaj attached numerous state court documents to the Notice of Removal, and Pathak and First American seek judicial notice of many of the same documents as well as additional documents such as court orders. The Court takes judicial notice of the state court documents submitted by all parties is in

possession of $904,061.39 in funds as a result of an escrow for the sale of the real property commonly known as 701 Bodega Court, Fremont, California 94539, which was Pathak and Bhardwaj's former home. Compl. ¶ 6. The interpleader complaint further alleges that "[First American] is informed and believes and based thereon alleges that PATHAK requested of the Court in the [family court] LITIGATION that money from the sale of the Subject Property or the Texas property be transferred into an escrow for the sale of the Arizona property, which property [First American] is informed and believes and based thereon alleges is currently 'under water.' [First American] is informed and believes and based thereon alleges that the Court thereafter granted PATHAK's request. Plaintiff is holding $904,061.39 in escrow in anticipation that said funds will potentially be transferred to a sale escrow of the Arizona property." *Id.* ¶ 9. The interpleader complaint alleges that Pathak and Bhardwaj "have made conflicting demands to the escrow funds being held. These claims are adverse and conflicting and have been made without [First American's] collusion. [First American], as escrow holder, is unable to determine the validity of these claims." *Id.* ¶ 10.

On July 2, 2013, defendant Bhardwaj filed general and special demurrers to the interpleader action, and those matters were scheduled for a hearing on September 4, 2013. Docket No. 1 (copy of demurrer, attached as exhibit). On or about July 26, 2013, Judge Brad Seligman of the Alameda County Superior Court granted Pathak's motion to consolidate the ongoing dissolution action with the interpleader action. *Id.* (copy of consolidation order, attached as exhibit). On August 26, 2013, Bhardwaj filed a Notice of Removal of the consolidated interpleader and dissolution action. The Notice of Removal states that Bhardwaj was served with the interpleader action on June 2, 2013, and that defendant Pathak does not consent to the removal. Notice of Removal ¶ 2. The Notice of Removal asserts that removal is nevertheless proper because the case was removed within 30 days of the July 16, 2013 consolidation of the dissolution and interpleader actions. The Notice of Removal also asserts that this case must be adjudicated in the same federal forum as Bhardwaj's (now dismissed) federal action, C 13-3807 SI, and that Pathak's consent to removal was not required because she is a "nominal defendant" whose interests are aligned with First American.

Now before the Court is defendant Pathak's motion to remand, in which First American has joined.

United States District Court
For the Northern District of California

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand sua sponte or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446. That statute provides that, "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Subsection (b) provides that the notice shall be filed within 30 days after the receipt by the defendant of the summons or complaint. *Id.* When a civil action is removed on the basis of federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). A defendant who has not joined in removal may move for remand on any grounds. *See Getty Oil Corp. v. Ins. Co. of North America*, 841 F. 2d 1254, 1262 (5th Cir. 1988).

The existence of federal jurisdiction on removal must be determined on the face of the plaintiff's complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co v. Taylor*, 481 U.S. 58, 63 (1987). There are three circumstances under which the court can find that a state law claim arises under federal law: (1) if federal law completely preempts state law, (2) if the state claim is necessarily federal in character, or (3) if the right to relief requires

resolution of a substantial, disputed federal question. *Arco Environmental Remediation, L.L.C. v. Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).

## DISCUSSION

Defendant Pathak moves to remand this case on numerous grounds. Pathak argues that removal was procedurally defective because it was untimely and Pathak did not consent to removal, and substantively defective because there is no federal question or diversity jurisdiction. Pathak also argues that this case is a de facto appeal of the state court dissolution matters, and thus it is barred by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts).

The Court agrees with Pathak and finds that the removal was improper. First, the notice of removal is untimely because it was filed more than 30 days after service of the interpleader complaint on Bhardwaj. Although Bhardwaj asserts that the removal was timely because it was within 30 days of the consolidation of the interpleader and dissolution proceedings, he also inconsistently argues that there is federal question jurisdiction on the face of the interpleader complaint. Bhardwaj has not shown that the consolidation of the dissolution and interpleader actions provided a new basis of removal.

Second, removal was defective because Pathak did not join in the removal. Pathak is not a nominal defendant because she and Bhardwaj owned the Fremont property which was sold pursuant to court order, First American is the escrow holder, and Bhardwaj and Pathak dispute how the proceeds of the sale should be disbursed. *See generally Farmers New World Life Insurance Company v. Rees*, 219 Cal. App. 4th 307, 315 (2013) (discussing interpleaders). Thus, she is a necessary party to the interpleader action and Bhardwaj was required to get her consent to remove this case pursuant to 28 U.S.C. § 1446(b)(2)(A).

Third, there is no basis for this Court to exercise jurisdiction over the complaint. The state interpleader action arises wholly under state law, and does not allege any federal claims. Bhardwaj argues that there is a federal question because the complaint states, "BHARDWAJ is challenging the use or right to the funds by anyone on the grounds that he 'never agreed' to the court-ordered sale of the

4

United States District Court
For the Northern District of California

Subject Property to Bal, and has threatened to challenge title to the Subject Property and additionally file a federal action 'under 42 USC 1983 . . . ." Compl. ¶ 11.  As is apparent from the complaint, this allegation sets forth the dispute between Bhardwaj and Pathak regarding the sale of the Fremont property, and does not allege any federal claims.  It is unclear whether Bhardwaj also claims that there is diversity jurisdiction; however, all parties are from California, and thus there is no basis for diversity jurisdiction.

Finally, Bhardwaj's Notice of Removal and opposition to the motion to remand demonstrate that, as with the recently dismissed related case filed by Bhardwaj, the relief that Bhardwaj seeks is barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine,

> [i]f claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483 n.16 & 485).  The *Rooker-Feldman* doctrine bars an action in which a party essentially asks the federal court to review the state court's decision and afford that party the same remedy he was denied in state court.  *Id.*  The *Rooker-Feldman* doctrine applies even when the state court judgment is not issued by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995).  Here, Bhardwaj seeks to have this Court void numerous state court decisions and set aside the sale of the Fremont property, which was conducted pursuant to state court orders.

///
///

5

1

**CONCLUSION**

2          For the foregoing reasons, the Court hereby GRANTS defendant's motion to remand and

3     REMANDS this case to the Superior Court for the County of Alameda.

4

5          **IT IS SO ORDERED.**

6

7     Dated: November 25, 2013                                                   _____

8                                                                                SUSAN ILLSTON
                                                                                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28